# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

REBECCA A. ZAMORA,

   Plaintiff,

vs.            No. CIV 11-0870 JB/LFG

WELLS FARGO HOME MORTGAGE,
A Division of Wells Fargo Bank, N.A.,

   Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Remand, filed October 4, 2011 (Doc. 10)("Motion to Remand"). The Court held a hearing on December 5, 2011. The primary issues are: (i) whether the Court should remand the case for failure to timely remove the case; and (ii) whether the Court should remand the case for lack of subject-matter jurisdiction, because there are no federal claims in Plaintiff Rebecca A. Zamora's live pleadings and Wells Fargo has asserted in its Notice of Removal, filed September 28, 2011 (Doc. 1), federal-question jurisdiction and complete preemption as the only bases for the Court's subject-matter jurisdiction. The Court will deny the Motion to Remand, as Defendant Wells Fargo Home Mortgage did not untimely file its Notice of Removal as it did not have unequivocal notice based on Plaintiff Rebecca A. Zamora's original pleadings that she was seeking damages in excess of $75,000.00. The Court concludes, however, that it lacks subject-matter jurisdiction over this case. There are no federal claims in Zamora's live pleadings. The only asserted bases of removal in the Notice of Removal are federal-question jurisdiction and complete preemption -- neither of which apply to the state law claims in Zamora's live pleadings. Consequently, the Court will remand this case for lack of

subject-matter jurisdiction to the Second Judicial District, Bernalillo County, State of New Mexico.

## PROCEDURAL BACKGROUND

Zamora filed her action in the Second Judicial District, Bernalillo County, State of New Mexico on June 22, 2011.  See Compliant and Petition for Injunctive Relief, filed September 28, 2011 (Doc. 1-2)("Original Complaint").  She asserted the following claims against Wells Fargo: (i) Count 1 - Breach of Loan Trial Period Contract; (ii) Count 2 - Tortious Breach of the Covenant of Good Faith and Fair Dealing; (iii) Count 3 - Unfair Trade Practice Act ("UPA"), N.M.S.A. 1978, § 57-12-1 through -26; (iv) Count 4 - Promissory Estoppel; and (v) Count 5 - Petition for Injunctive Relief Under the UPA.  For damages, she requested "that this Court award[] her damages, compensatory damages, punitive damages, costs, grant an injunction against Wells Fargo, and grant any other relief in her favor as deemed just and proper."  Original Complaint at 15.

On September 13, 2011,[1] Zamora filed, in state court, a motion seeking leave to file a supplemental complaint.  See Motion to File Supplemental Complaint Based upon New Facts and New Claims, filed September 28, 2011 (Doc. 1-13).  In addition to the claims asserted in the Original Complaint, the proposed supplemental complaint attached to the motion asserted the following claims: (i) Count 6 - Violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-81x; and (ii) Count 7 - Defamation.  See Supplemental Complaint and Petition for Injunctive Relief, filed September 28, 2011 (Doc. 1-13)("Supplemental Complaint").  On September 27, 2011, Wells Fargo removed this case to federal court by filing a notice of removal in the Second

---

[1]It is somewhat difficult to read the file-stamp date on this motion, as the three could be an eight, making the date either September 13, 2011 or September 18, 2011.  Wells Fargo states in its Response to Motion to Remand, filed October 18, 2011 (Doc. 15), that the date is September 13, 2011.  Consulting the state court docket confirms that the date is September 13, 2011.  See Rebecca Zamora v. Wells Fargo Home Mortgage, D-202-CV-201106308, available at http://www2.nmcourts.gov/caselookup/app.

Judicial District, Bernalillo County, State of New Mexico. See Notice of Removal, filed September 28, 2011 (Doc. 1). It asserts as bases for removal: (i) federal-question jurisdiction based on Zamora's FCRA claim asserted in her Supplemental Complaint; (ii) federal law completely preempting Zamora's defamation of credit claim asserted in her supplemental complaint; and (iii) supplemental jurisdiction for Zamora's state law claims. See Notice of Removal at 1-2.

Zamora filed her Motion to Remand on October 4, 2011. She contends that Wells Fargo improperly removed this case under 28 U.S.C. § 1446(b), because the case was initially removable based on her initial pleading. See Motion to Remand at 1. She argues that Wells Fargo could have removed this case based upon diversity jurisdiction given the parties' diverse citizenship and that the amount-in-controversy requirement is satisfied. See Motion to Remand at 2. She contends that, although "the initial Complaint did not state a specific amount sought, . . . fairly read" her initial pleadings sought "an amount over $75,000.00." Motion to Remand at 2. She notes that, "[w]hile it is not set out in the complaint, most residences are worth more than $75,000.00." Motion to Remand at 2. Zamora also notes that she set out claims "for punitive damages and treble damages under the UPA plus attorneys' fees." Motion to Remand at 2. She asserts that, "from the face of the complaint, it is alleged that Wells Fargo has wrongfully demanded $17,383.88 from" her. Motion to Remand at 3. She states that, "[e]ven assuming that [she] was only seeking this amount and not any related emotional distress damages or other breach of contract damages, Plaintiff's claim for treble damages of this stated amount on her UPA claim would be $52,151.64." Motion to Remand at 3. She argues that "only $22,848.36" would remain "to reach $75,000.00 from attorneys' fees, tort claims, contract claims, punitive damages, and injunctive relief." Motion to Remand at 3. She notes that "[i]t is certainly likely that the attorneys' fees sought in this case could exceed $22,848.36 given the complexities" of the case. Motion to Remand at 3. Zamora argues that

the United States Court of Appeals for the Tenth Circuit requires that, "[w]here a complaint is silent as to the amount of damages sought, . . . a defendant need only suspect that it is 'possible' that the jurisdictional amount is in play in order to permit the defendant to remove to federal court on diversity grounds." Motion to Remand at 4 (emphasis in original)(quoting McPhail v. Deere & Co., 529 F.3d 947, 955 (10th Cir. 2008)). She contends that, "[b]ecause it is not a 'legal certainty' that [her] claims would never exceed $75,000.00, the amount in controversy was met." Motion to Remand at 4 (quoting Watson v. Blankenship, 20 F.3d 383, 386 (10th Cir. 1994)). She contends that Wells Fargo should have removed the case "immediately in order to preserve its right to remove." Motion to Remand at 4. She notes that "Wells Fargo has failed to include all of the pleadings from the state court case perhaps to lead the court to believe that not much has transpired in state court." Motion to Remand at 6. Consequently, Zamora argues that, because this case was initially removable, Wells Fargo had no authority to remove this case after the expiration of thirty days from the date she served Wells Fargo. See Motion to Remand at 7.

On October 18, 2011, Wells Fargo filed its Response to Motion to Remand. See Doc. 15. Wells Fargo concedes that the parties are of diverse citizenship. See Response to Motion to Remand at 2. Wells Fargo argues that the Tenth Circuit has "long held that the period for removal does not begin to run until there is clear and unequivocal notice . . . that the amount in controversy is sufficient to confer Federal jurisdiction." Response to Motion to Remand at 2. Wells Fargo contends that Zamora's initial pleadings did not clearly and unequivocally set forth the amount in controversy. See Response to Motion to Remand at 2. Wells Fargo states that Zamora "asks the Court to engage in speculation as to what her damages may amount to in the future." Response to Motion to Remand at 2. Wells Fargo argues that the Supplemental Complaint which Zamora sought leave to file was the only instrument that gave it notice that this case was properly removable, thus

permitting it to remove the case under 28 U.S.C. § 1446(b).  See Response to Motion to Remand at 3-4.

On October 18, 2011, Wells Fargo filed its Supplemental Notice of Removal.  See Doc. 14. Wells Fargo also asserted as a basis in this Supplemental Notice of Removal diversity jurisdiction based on some statements Zamora makes in her Motion to Remand.  See Supplemental Notice of Removal at 1-2.

## RELEVANT LAW REGARDING REMOVAL

If a civil action filed in state court satisfies the requirements for original federal jurisdiction, the defendant may invoke 28 U.S.C. § 1441(a) to remove the action to the federal district court "embracing the place where such action is pending."  28 U.S.C. § 1441(a).  See Huffman v. Saul Holdings Ltd. P'ship., 194 F.3d 1072, 1076 (10th Cir. 1999)("When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court . . . ." (quoting Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996))).  Under 28 U.S.C. § 1332(a), a federal district court possesses original subject-matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00.  See 28 U.S.C. § 1332(a); Johnson v. Rodrigues, 226 F.3d 1103, 1107 (10th Cir. 2000).   Diversity between the parties must be complete.  See Caterpillar Inc. v. Lewis, 519 U.S. at 68; Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004).  Under 28 U.S.C. § 1331, a federal district court possesses original subject-matter jurisdiction over a case when there is a "civil action[] arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied.   "It is

well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 404 F.3d 1232, 1235 (10th Cir. 2005)(citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); United States ex rel. King v. Hillcrest Health Ctr., 264 F.3d 1271, 1280 (10th Cir. 2001)). "All doubts are to be resolved against removal." Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002).

### 1.      **The Presumption Against Removal.**

There is a presumption against removal jurisdiction. See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). Moreover, "[i]t is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [their] constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. See Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001); Bonadeo v. Lujan, No. 08-0812, 2009 WL 1324119, at *4 (D.N.M. Apr. 30, 2009)(Browning, J.)("Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand.").

The removing defendant bears the burden of establishing that removal is proper. See McPhail v. Deere & Co., 529 F.3d at 953 ("[A]ccording to this and most other courts, the defendant is required to prove jurisdictional facts by a 'preponderance of the evidence'"); Bonadeo v. Lujan, 2009 WL 1324119, at *4 ("As the removing party, the defendant bears the burden of proving 'all

jurisdictional facts and of establishing a right to removal.'" (quoting Chavez v. Kincaid, 15 F.Supp.2d at 1119)).  The Tenth Circuit has explained that, "[g]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F.App'x 775, 778 (10th Cir. 2005)(unpublished).

> **2.      Procedural Requirements for Removal.**

Section 1446 of Title 28 of the United States Code governs the procedure for removal. Because removal is entirely a statutory right, the relevant procedures to effect removal must be followed.  See Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985).  "The failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand."  Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1077 (10th Cir. 1999)(quoting Snapper, Inc. v. Redan, 171 F.3d 1249, 1253 (11th Cir. 1999)).  See Bonadeo v. Lujan, 2009 WL 1324119, at *4;  Chavez v. Kincaid, 15 F.Supp.2d 1118, 1119 (D.N.M. 1998)(Campos, J.)("The right to remove a case that was originally in state court to federal court is purely statutory, not constitutional.").

Pursuant to 28 U.S.C. § 1446(a),

> [a] defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).  28 U.S.C. § 1446(a) has been interpreted as requiring all defendants to join in a removal petition.  See Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 620 (2002)(citing 28 U.S.C. § 1446(a); Chi., Rock Island & Pac. Ry. Co. v. Martin, 178 U.S. 245, 248

(1900)); Akin v. Ashland Chem. Co., 156 F.3d 1030, 1034-35 (10th Cir. 1998); Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981)("A co-defendant . . . did not join in the petition for removal and the petition was thus procedurally defective."); 16 J. Moore, Moore's Federal Practice § 107.11[1][c], at 107-36-37 (3d ed. 2006)("Because the right of removal is jointly held by all the defendants, the failure of one defendant to join in the notice precludes removal.  This rule requires that there be some timely written indication from each served defendant . . . that the defendant has actually consented to removal.").

Section 1446 specifies the timing requirements for removal.  See 28 U.S.C. § 1446(b).  "In a case not originally removable, a defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements -- for example, by reason of the dismissal of a nondiverse party -- may remove the case to federal court within 30 days of receiving such information."  Caterpillar Inc. v. Lewis, 519 U.S. 61, 68-69 (1996).  "Under § 1446(b), the removal period does not begin until the defendant is able 'to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'"  Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d at 1077 (quoting DeBry v. Transamerica Corp., 601 F.2d 480, 489 (10th Cir. 1979)).  The Tenth Circuit has further elaborated that, for the thirty-day period to begin to run, "this court requires clear and unequivocal notice from the [initial] pleading itself."  Akin v. Ashland Chem. Co., 156 F.3d at 1036.  The Tenth Circuit specifically disagreed with "cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove may exist."  Akin v. Ashland Chem. Co., 156 F.3d at 1036 (emphasis in original).  Thus, when "an initial pleading" is "ambiguous in that it did not provide unequivocal notice of the right to remove," this thirty-day period does not begin to run in the Tenth Circuit until the defendant receives unequivocal notice of

the right to remove.  Akin v. Ashland Chem. Co., 156 F.3d at 1035.

"No case, however, may be removed from state to federal court based on diversity of citizenship 'more than 1 year after commencement of the action.'"  Caterpillar Inc. v. Lewis, 519 U.S. at 69 (quoting 28 U.S.C. § 1446(b)).  Section 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).  "Generally, the second paragraph of § 1446(b) is designed to allow a defendant to remove a state action when it was not originally removable as stated by the plaintiff's initial complaint in the state court, but has become removable . . . .'"  O'Bryan v. Chandler, 496 F.2d at 408 (citations omitted).  The requirement that a defendant timely file the notice of removal is mandatory, although timeliness is not jurisdictional.  See United States ex rel. Walker v. Gunn, 511 F.2d 1024, 1026 (9th Cir. 1975)("[T]he statute, insofar as the time for removal is concerned, is imperative and mandatory, must be strictly complied with, and is to be narrowly construed.");  Bonadeo v. Lujan, 2009 WL 1324119, at *6 (citing McCain v. Cahoj, 794 F.Supp. 1061, 1062 (D. Kan. 1992)).

    **3.      Waiver of Right to Remove.**

The right to remove may be waived.  See Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d

at 1077 (noting that a defendant who does not act within the statutory removal deadlines waives its right to remove the action to federal court). Cf. Akin v. Ashland Chem. Co., 156 F.3d at 1036 & n.7 (ruling, in response to assertion made in motion to remand that one of the defendants had waived its right to removal by moving for summary judgment in state court, "that a defendant who actively invokes the jurisdiction of the state court and interposes a defense in that forum is not barred from the right to removal in the absence of adequate notice of the right to remove," and applying the principle, after plaintiff amended her complaint in federal court, that "once [the] plaintiff decided to take advantage of his involuntary presence in federal court to add a federal claim to his complaint he was bound to remain there" (internal quotation marks omitted)).

Courts have held that, once a claim for enforcement of a federal right has been made in state tribunals, a defendant waives its right to removal by "demonstrating a 'clear and unequivocal' intent to remain in state court." Grubb v. Donegal Mut. Ins. Co., 935 F.2d 57, 59 (4th Cir. 1991)(citing Rothner v. City of Chi., 879 F.2d 1402 (7th Cir. 1989)). See Aqualon v. Mac Equip., Inc., 149 F.3d 262, 264 (4th Cir. 1998). Courts have found a clear intent to remain in state court may be shown by taking "substantial defensive action" before removal, Aqualon v. Mac Equip., Inc., 149 F.3d 262, 264 (4th Cir. 1998), or by seeking a final determination on the merits of the case before removal, see Wolfe v. Wal-Mart Corp., 133 F.Supp.2d 889, 893 (N.D.W. Va. 2001)(holding that filing a motion for summary judgment in state court constituted waiver). As the United States District Court for the Western District of Virginia stated in Sayre Enter., Inc. v. Allstate Insurance Co., 448 F.Supp.2d 733 (W.D.W. Va. 2006):

> If a defendant could remove a case to federal court after a final and unfavorable determination had been made on the merits of the case in state court, he would be able to litigate the same case twice. This situation is precisely what must be avoided in the interests of judicial economy, fairness, convenience, and comity.

448 F. Supp. 2d at 735.  See Haynes v. Gasoline Marketers, Inc., 184 F.R.D. 414, 416 (M.D. Ala. 1999)(finding the defendant did not waive its right to remove, because filing an answer in state court was not a manifestation of clear and unequivocal intent to litigate on the merits in state court); Chavez v. Kincaid, 15 F.Supp.2d 1118, 1125 (D.N.M. 1998)(Campos, J.)(finding waiver of right to remove when defendant served discovery requests, made a motion to dismiss, and scheduled a hearing on the motion after it should have ascertained its removal right but before it filed its notice of removal).  As to the timing of waiver, a defendant can waive the right to remove only by litigating after the case actually becomes removable.  See 28 U.S.C. § 1446(b); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999); Mach v. Triple D Supply, LLC, 773 F.Supp.2d 1018, 1034 (D.N.M. 2011)(Browning, J.).

    **4.**       **Amendment of the Notice of Removal.**

In Caterpillar, Inc. v. Lewis, 519 U.S. 61 (1996), the Supreme Court of the United States held that a defect in subject-matter jurisdiction cured before entry of judgment did not warrant reversal or remand to state court.  See 519 U.S. at 70-78.  Relying on Caterpillar, Inc. v. Lewis, the United States Court of Appeals for the Ninth Circuit in Parrino v. FHP, Inc., 146 F.3d 699 (9th Cir. 1998), held that "a procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court."  146 F.3d at 703.  In McMahon v. Bunn-O-Matic Corp., 150 F.3d 651 (7th Cir. 1998) (Easterbrook, J.), the United States Court of Appeals for the Seventh Circuit noticed on appeal defects in the notice of removal, which, in addition to not including all defendants, failed to properly allege diversity of citizenship.  See 150 F.3d at 653 ("But no one paid any attention to the requirement that all defendants (or none) join a notice of removal . . . .  As it happens, no one paid attention to subject-matter jurisdiction either.").  The Seventh Circuit permitted the defective notice of removal to be amended on appeal to properly

establish subject-matter jurisdiction.  See 150 F.3d at 653-54.  In addition to not including all defendants, the notice of removal failed to properly allege diversity of citizenship.

The Tenth Circuit has allowed defendants to remedy defects in their petition or notice of removal.  See Jenkins v. MTGLQ Investors, 218 F.App'x. 719, 723 (10th Cir. 2007)(unpublished)(granting unopposed motion to amend notice of removal to properly allege jurisdictional facts); Watkins v. Terminix Int'l Co., Nos. 96-3053, 96-3078, 1997 U.S. App. LEXIS 36294, at *2 (10th Cir. May 22, 1997)(reminding the defendant that, on remand, it should move to amend the notice of removal to properly allege jurisdictional facts); Lopez v. Denver & Rio Grande W.R.R. Co., 277 F.2d 830, 832 (10th Cir. 1960)("Appellee's motion to amend its petition for removal to supply sufficient allegations of citizenship and principal place of business existing at the time of commencement of this action is hereby granted, and diversity jurisdiction is therefore present.").  The Tenth Circuit has further reasoned that disallowing amendments to the notice of removal, even after the thirty-day removal window had expired, when the defendant made simple errors in its jurisdictional allegations, like failing to identify a corporation's principal place of business or referring to an individual's state of residence rather than citizenship, "would be too grudging with reference to the controlling statute, too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts."  Hendrix v. New Amsterdam Cas. Co., 390 F.2d 299, 301 (10th Cir. 1968).  In McEntire v. Kmart Corp., No. 09-0567, 2010 WL 553443 (D.N.M. Feb. 9, 2010)(Browning, J.), when faced with insufficient allegations in the notice of removal  -- allegations of "residence" not "citizenship" -- the Court granted the defendants leave to amend their notice of removal to cure the errors in some of the "formalistic technical requirements."  2010 WL 553443, at *8 (citing Hendrix

v. New Amsterdam Cas. Co., 390 F.2d 299, 300-02 (10th Cir. 1968)).

In contrast, some district courts have found that the law does not authorize amendment to the notice of removal if sought more than thirty days after the defendants were served. See Daniel v. Anderson Cnty. Emergency & Rescue Squad, 469 F.Supp.2d 494, 496-497 (E.D. Tenn. 2007) ("Anderson and ACERS did not join in the removal petition within the allowed time, nor did they provide timely written consent, and Claxton cannot roll back the clock by attempting to amend its petition after the fact."); Bellone v. Roxbury Homes, Inc., 748 F.Supp. 434, 436 (W.D. Va. 1990). In Bellone v. Roxbury Homes, Inc., the United States District Court for the Western District of Virginia stated:

> The view that removal statutes should be strictly construed is so well ingrained, moreover, that amendment of removal petitions after the deadlines prescribed by the relevant statutes have passed is limited to those instances involving only minor technical corrections as opposed to substantive revisions. In sum, the practice that has been adopted by federal courts is that any doubts regarding compliance with removal provisions must be resolved in favor of remanding the case to state court.

748 F. Supp. at 436 (citations omitted). In Barnhill v. Insurance Company of North America, 130 F.R.D. 46 (D.S.C. 1990), the plaintiff moved to remand the case because the notice of removal failed to allege the state in which the removing corporate defendant had its principal place of business or place of incorporation. See 130 F.R.D. at 47. The defendant requested leave to amend its notice of removal. The United States District Court for the District of South Carolina found that courts should apply a "very restrictive view of amendment" and should consider policy considerations, including: (i) preventing federal court infringement upon the rightful independence and sovereignty of state courts; (ii) ensuring that judgments obtained in a federal forum are not

vacated on appeal because of improvident removal;[2] (iii) reducing uncertainty as to the court's jurisdiction in the marginal cases, which a more liberal construction of the removal statute would promote;[3] (iv) permitting amendment past the thirty-day time limit would eviscerate the specific time provision Congress enacted; and (v) state court hostility toward non-resident defendants has been significantly reduced since diversity jurisdiction was created.[4]  See 130 F.R.D. at 50-51 (citations omitted).  The court rejected the defendant's request for leave to amend.  Even considering such policies, the Tenth Circuit and other courts have not adopted such a hostility to amendments. See Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009) ("If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party 'to cure the omission,' as authorized by § 1653.")(quoting D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co., 608 F.2d 145, 146-47 (5th Cir. 1979)); Jenkins v. MTGLQ Investors, 218 F.App'x at 723 (granting unopposed motion to amend notice of removal to properly allege jurisdictional facts); McMahon v. Bunn-o-Matic Corp., 150 F.3d at 651; Lopez v. Denver & Rio

---

[2]This possible problem would appear to exist in every federal case, particularly where jurisdiction is questioned.  District courts often have to make difficult decisions, however.  The district courts are not free to limit federal jurisdiction to avoid error.

[3]Reducing uncertainty is not a sound reason to restrict Congressionally given jurisdiction. Courts cannot shirk their "virtually unflagging obligation . . . to exercise the jurisdiction given them," Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976), by the simple expedient of judicially restricting Congress' grants of jurisdiction.  The federal courts should remain fully open to the litigants that the Constitution and Congress have allowed to litigate there.

[4]The Court is not convinced that litigants universally, particularly non-residents and their often out-of-state counsel, share this conclusion.  Also, plaintiffs often fight hard to stay out of federal court, suggesting that they think they have some advantage in their home-state courts. Whether defendants currently prefer federal courts because they fear the judge or jury in the state courts will be prejudiced against them, or because they believe federal judges are more likely to be defense-oriented or to grant dispositive motions, the fact remains that the Constitution authorizes federal jurisdiction over diversity cases and Congress has bestowed that jurisdiction on the district courts.

Grande W.R.R. Co., 277 F.2d at 832 ("Appellee's motion to amend its petition for removal to supply sufficient allegations of citizenship and principal place of business existing at the time of commencement of this action is hereby granted, and diversity jurisdiction is therefore present.").

There are certain defects, however, that amendment of a notice of removal cannot cure, particularly once the initial thirty-day removal period has expired.  A defendant may not normally cure a defective notice of removal by asserting a new basis of jurisdiction not contained in the original notice of removal.   See USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 205 (3d Cir. 2003)(citing Blakerly v. United Cable Sys., 105 F.Supp.2d 574, 579-80 (S.D. Miss. 2000); Iwag v. Geisel Compania Maritima, S.A., 882 F.Supp. 597, 601 (S.D. Tex. 1995))(noting that amendment of a notice of removal was proper when the defendant "did not rely on a basis of jurisdiction different from that originally alleged").  As Professors Wright and Miller have explained:

> [A]n amendment of the removal notice may seek to accomplish any of several objectives: It may correct an imperfect statement of citizenship, state the previously articulated grounds more fully, or clarify the jurisdictional amount.  In most circumstances, however, defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-preferred basis of removal, and the court will not, on its own motion, retain jurisdiction on the basis of a ground that is present but that defendants have not relied upon.

14C Wright & Miller, Federal Practice and Procedure § 3733, at 651-659 (4th ed. 2009)(footnotes omitted)(emphasis added).  Professor Moore has similarly recognized: "[A]mendment may be permitted after the 30-day period if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction."  16 J. Moore, supra, § 107.30[2][a][iv], at 107-184. The Honorable Gerald E. Lynch, United States District Judge for the Southern District of New York, has held:

> Although a removing party may be given leave to cure a defective ground for removal under 28 U.S.C. § 1653 barring a "'total absence of jurisdictional foundations,'" such amendments are in the court's discretion and are intended to

preserve jurisdiction where it exists but was <u>defectively stated</u>.  Here, Prudential's removal petition was irremediably defective as to federal question jurisdiction and silent as to diversity.  Moreover, "[t]he right to remove a state action to federal court on diversity grounds is statutory . . . In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of the state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."  Given this restrictive policy and given Prudential's failure to offer any reason for not alleging diversity jurisdiction in its original removal petition, the Court declines to grant leave to add new grounds for federal jurisdiction.

<u>Arancio v. Prudential Ins. Co. of Amer.</u>, 247 F.Supp.2d 333, 337 (S.D.N.Y. 2002)(Lynch, J.)(emphasis in original)(citations omitted).  Along the same lines, the United States Court of Appeals for the Eleventh Circuit would not consider on appeal, once the Eleventh Circuit rejected the defendant's complete preemption argument, the defendant's argument that diversity jurisdiction was proper, because the defendant "had the burden to plead this basis in its notice of removal, and it did not."  <u>Ervast v. Flexible Prods. Co.</u>, 346 F.3d 1007, 1012 n.7 (11th Cir. 2003).

## **ANALYSIS**

The Court will not grant the Motion to Remand to the extent it seeks remand on the basis of timeliness, as Wells Fargo did not have clear and unequivocal notice of its right to remove from Zamora's initial pleading, and thus did not remove the case in an untimely manner.  Her initial pleading was ambiguous regarding the amount in controversy in the case.  The Court concludes, however, that it lacks subject-matter jurisdiction over this case.  There are no federal claims in Zamora's live pleadings.  The only asserted bases of removal in the Notice of Removal are federal-question jurisdiction and complete preemption -- neither of which apply to the state law claims in Zamora's live pleadings.  Consequently, the Court will remand this case for lack of subject-matter jurisdiction.

I.      **WELLS FARGO COULD NOT HAVE PROPERLY REMOVED THIS CASE BASED ON ZAMORA'S INITIAL PLEADINGS.**

Section 1446 of Title 28 of the United States Code governs the procedure for removal. Because removal is entirely a statutory right, the relevant procedures to effect removal must be followed.  See Lewis v. Rego Co., 757 F.2d at 68.  "The failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d at 1077.  See Bonadeo v. Lujan, 2009 WL 1324119, at *4; Chavez v. Kincaid, 15 F.Supp.2d at 1119 ("The right to remove a case that was originally in state court to federal court is purely statutory, not constitutional.").

Section 1446 specifies the timing requirements for removal.  See 28 U.S.C. § 1446(b).  "In a case not originally removable, a defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements -- for example, by reason of the dismissal of a nondiverse party -- may remove the case to federal court within 30 days of receiving such information. § 1446(b)."  Caterpillar Inc. v. Lewis, 519 U.S. at 68-69.  "Under § 1446(b), the removal period does not begin until the defendant is able 'to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d at 1077.  The Tenth Circuit has further elaborated that, in order for this thirty-day period to begin to run under this standard, "this court requires clear and unequivocal notice from the [initial] pleading itself." Akin v. Ashland Chem. Co., 156 F.3d at 1036.  The Tenth Circuit specifically disagreed with "cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove may exist." Akin v. Ashland Chem. Co., 156 F.3d at 1036 (emphasis in original).  Thus, when "an initial pleading" is "ambiguous in that it did not provide unequivocal

-17-

notice of the right to remove," this thirty-day period does not begin to run in the Tenth Circuit until the defendant receives unequivocal notice of the right to remove. Akin v. Ashland Chem. Co., 156 F.3d at 1035 ("We agree that the initial pleading in this case was ambiguous in that it did not provide unequivocal notice of the right to remove, and that the first clear notice of removability was given in answer to an interrogatory.").

Here, Zamora's Original Complaint was ambiguous regarding Wells Fargo's right to removal. Zamora asserted no federal claims in her Original Complaint, thus providing Wells Fargo with no ability to remove the case based on federal-question jurisdiction. Although Wells Fargo concedes that the parties in this case are diverse, it contends that it could not determine in a clear and unequivocal manner that this case was initially removable on diversity jurisdiction grounds. The Original Complaint requests no specific amount of damages. For damages, Zamora requested "that this Court award[] her damages, compensatory damages, punitive damages, costs, grant an injunction against Wells Fargo, and grant any other relief in her favor as deemed just and proper." Original Complaint at 15. Regarding specific dollar amounts as they relate to Zamora, Zamora mentions that under her loan trial period in her contract with Wells Fargo, she "would make at least three, on-time trial modification plan payments of $1,024.88 starting on November 1, 2009." Original Complaint ¶ 25, at 4-5. She states that she has made sixteen of these payments. See Original Complaint ¶ 30, at 5. She asserts that, after eight of these payments, a Wells Fargo representative informed her attorney that she "was being denied a permanent modification [to the loan] on the grounds of 'insufficient income.'" Original Complaint ¶ 31, at 6. She mentions that "[o]n July 4, 2010, Wells Fargo sent [her] a notice stating that unless she could pay $10,483.33 within thirty days, her home would be subject to a foreclosure." Original Complaint ¶ 37, at 6. She states that "[o]n November 14, 2010, Wells Fargo sent [her] a default notice, stating that unless she

-18-

paid $12,835.77 in thirty (30) days, she would be referred to foreclosure." Original Complaint ¶ 46, at 8.  She asserts that "Wells Fargo thereafter sent [her] a 'payment arrangement agreement' which called for a payment of $1,024.88 per month but with $17,3838.88 due in a lump sum on March 5, 2011." Original Complaint ¶ 49, at 8.  She states that she continued to timely pay her mortgage, and that Wells Fargo has at times attempted to not accept this payment.  See Original Complaint ¶¶ 50-51, 54, at 8.

While it is possible that Wells Fargo could have reasonably concluded from these above facts that the amount in controversy would be greater than $75,000.00, the Original Complaint does not clearly and unequivocally make Wells Fargo aware of its right to removal.  See Akin v. Ashland Chem. Co., 156 F.3d at 1036.  At the hearing, Zamora stated that the home itself was worth approximately $200,000.00, and thus Wells Fargo should have known based on that information it should remove the case.  See Tr. at 10:2-19 (Kramer).  There are no allegations, however, to that effect in the pleadings, or that Zamora sought a specific amount in damages -- such as the value of the entire home.  It may have been possible that Zamora sought more than $75,000.00, but it was not clear and unequivocal that she would do so.  See Akin v. Ashland Chem. Co., 156 F.3d at 1035 ("Rather, this court requires clear and unequivocal notice from the pleading itself, or a subsequent 'other paper' such as an answer to interrogatory.").  The Tenth Circuit has rejected looser standards for triggering a defendant's obligation to remove a case that other circuits have applied, specifically standards "which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove may exist."   Akin v. Ashland Chem. Co., 156 F.3d at 1036 (emphasis in original).  This factual information is ambiguous, as it is possible that Zamora may seek more than $75,000.00, but also possible that she may seek $75,000.00 or less in damages.  See Akin v. Ashland Chem. Co., 156 F.3d at 1035.  Consequently, her Original Complaint did not trigger

Wells Fargo's obligation to remove the case or else risk forfeiting its right to remove the case.[5]

Zamora cites some Tenth Circuit authority to support her position, but those cases deal with distinct factual scenarios in the removal context. Zamora argues that the Tenth Circuit requires that, "[w]here a complaint is silent as to the amount of damages sought, . . . a defendant need only suspect that it is 'possible' that the jurisdictional amount is in play in order to permit the defendant to remove to federal court on diversity grounds." Motion to Remand at 4 (emphasis in original)(quoting McPhail v. Deere & Co., 529 F.3d at 955. McPhail v. Deere & Co. is not on point, as it deals with when a defendant may successfully remove a case and prove that the amount-in-controversy requirement is met, not with what information in the plaintiff's pleadings triggers a defendant's obligation to remove a case because the thirty-day period has commenced. See 529 F.3d at 953-55. In other words, Akin v. Ashland Chemical Co. deals with the standard addressing when a defendant must remove a case, while McPhail v. Deere & Co. deals with the standard addressing when a defendant may remove and establish subject-matter jurisdiction. Zamora contends that, "[b]ecause it is not a 'legal certainty' that [her] claims would never exceed $75,000.00, the amount in controversy was met." Motion to Remand at 4 (quoting Watson v. Blankenship, 20 F.3d at 386). Watson v. Blankenship addresses the showing necessary to defeat diversity jurisdiction on the basis that the plaintiff did not in good faith assert that he was seeking an amount over the amount-in-controversy requirement. See 20 F.3d at 386-88. That is not the factual situation presented in this case, and Akin v. Ashland Chemical Co. is directly on point.

Any other authority Zamora cites is not binding on this Court, particularly given that the

---

[5]Zamora conceded at the hearing that it would not have been possible for Wells Fargo to conduct sufficient discovery to determine the amount in controversy within the initial thirty-day period required for removal. See Tr. at 9:7-12 (Kramer).

Tenth Circuit has specifically addressed this issue in <u>Akin v. Ashland Chemical Co.</u>  For instance, she cites <u>Century Assets Corp. v. Solow</u>, 88 F.Supp.2d 659 (E.D. Tex. 2000), for the assertion that it is facially apparent that the facts in her pleadings indicate that the amount-in-controversy exceeds $75,000.00.  <u>See</u> 88 F.Supp.2d at 661-62.  That district court appears to have applied a looser standard for triggering the defendant's obligation to remove than the Tenth Circuit did in <u>Akin v. Ashland Chemical Co.</u>, as it stated that the defendants should have relied on a variety of evidence outside the pleadings, including what the defendants should have known, as opposed to what was clear and unequivocal from the pleadings.  <u>See</u> <u>Century Assets Corp. v. Solow</u>, 88 F.Supp.2d at 661-62 ("Surely, the defendants knew that these leases involved more than $75,000.").  The Tenth Circuit has not indicated that a defendant's subjective knowledge of the possibility for removal would suffice to trigger an obligation to remove, as it has stated that "[t]he right to remove a case to federal court is determined from allegations set forth in the initial pleading, 'or <u>other paper</u> from which it may first be <u>ascertained</u> that the case is one which is or has become removable." <u>Akin v. Ashland Chem. Co.</u>, 156 F.3d at 1035.  Additionally, the Tenth Circuit has stated that it "requires clear and unequivocal notice <u>from the pleading itself</u>." <u>Akin v. Ashland Chem. Co.</u>, 156 F.3d at 1036 (emphasis added).

## II. BASED ON THE ASSERTED BASES FOR REMOVAL IN THE NOTICE OF REMOVAL, THE COURT LACKED SUBJECT-MATTER JURISDICTION OVER THIS CASE AT THE TIME WELLS FARGO FILED ITS NOTICE OF REMOVAL.

The parties have not argued that the Court does not have subject-matter jurisdiction over this case.  Zamora has argued that Wells Fargo did not properly comply with removal procedures and that the Court should therefore remand this case.  The Court may, and should, address its subject-matter jurisdiction sua sponte.  <u>See</u> <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 506 (2006)("The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court

-21-

on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."
(citation omitted)).  The Court concludes that it lacks subject-matter jurisdiction.  There are no
federal claims in Zamora's live pleadings, and the only asserted bases of removal in the Notice of
Removal are federal-question jurisdiction and complete preemption -- neither of which apply to the
claims in Zamora's live pleadings.

   In Zamora's proposed Supplemental Complaint, she has asserted a federal claim -- Count
6 - Violation of the FCRA.  Wells Fargo has also argued that federal law completely preempts Count
7, a claim for defamation of credit, and thus complete preemption serves as a basis for removal.
Count 7 appears only in the proposed Supplemental Complaint.  The problem is that Zamora has
only proposed this Supplemental Complaint, and it is not currently a live pleading.  A proposed
pleading has no effect on the claims asserted in a case until the judge approves that pleading for
filing.  See United States ex rel. Matthews v. HealthSouth Corp., 332 F.3d 293, 296 (5th Cir.
2003)("The failure to obtain leave results in an amended complaint having no legal effect.").  Cf.
Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992)(recognizing the "well-established doctrine
that an amended pleading supersedes the original pleading").  While a proposed pleading might
inform a defendant that it will soon have a chance to remove once the state court approved the
pleading for filing, a defendant cannot properly remove a case containing no claims over which a
court has subject-matter jurisdiction.  See 28 U.S.C. § 1441(a) ("Except as otherwise expressly
provided by Act of Congress, any civil action brought in a State court of which the district courts
of the United States have original jurisdiction, may be removed . . . ." (emphasis added)).  As the
Seventh Circuit explained: "Until the state judge granted the motion to amend, there was no basis
for removal.  Until then, the complaint did not state a federal claim.  It might never state a claim,
since the state judge might deny the motion." Sullivan v. Conway, 157 F.3d 1092, 1094 (7th Cir.

1998)(Posner, J.)(addressing federal-question jurisdiction).[6] Zamora has filed a motion seeking leave to amend, but the state court has not granted this motion. That pleading has no legal effect until the state court approved it for filing. See United States ex rel. Matthews v. HealthSouth Corp., 332 F.3d at 296. Some courts have recognized that a motion seeking leave to amend could trigger an obligation to remove a case, but those cases normally deal with situations where information in the motion indicates that the amount-in-controversy requirement would be satisfied for diversity jurisdiction. See, e.g., Harriman v. Liberian Mar. Co., 204 F.Supp. 205, 206-07 (D. Mass. 1962)(recognizing that the time for removal ran from the date defendant received a motion seeking to increase the prayed for damages about the amount-in-controversy requirement). Notably, many courts have not followed that reasoning when the state court had discretion to deny the motion to amend. See, e.g., Sullivan v. Conway, 157 F.3d at 1094 (finding the thirty-day period commences upon granting of the motion to amend); Douklias v. Teacher's Ins. & Annuity Ass'n, 35 F.Supp.2d 612, 615 (W.D. Tenn. 1998)("The majority of courts have taken the position that the 30 day period commences upon either the granting of the motion to amend or the actual filing of the amended complaint."). Given the risks of the defendant guessing wrong, certainty is at a premium, and the better rule appears to be -- at least in federal-question cases -- to require the state court to grant the

---

[6]The Seventh Circuit noted that it could not "find any appellate case law directly on point" on this issue in the context of federal-question jurisdiction. Sullivan v. Conway, 157 F.3d at 1094. The Court has similarly had difficulty locating any circuit court authority, other than this Seventh Circuit opinion, on this issue, but has found some district court opinions that have reached the same conclusion. See Jackson v. Bluecross & Blueshield of Ga., No. 4:08-CV-49, 2008 WL 4862686, at *2-3 (M.D. Ga. Nov. 10, 2008)(gathering district court authority addressing this issue). The Court has located one contrary district court opinion that concluded that a motion seeking leave to amend to add a federal claim triggered a defendant's obligation to remove a case. See Neal v. Truegreen Ltd. P'ship, 886 F.Supp. 527, 528 (D. Md. 1995). That one-page opinion, however, cursorily addresses the issue without discussing how the defendant could have removed the case even though the district court would have lacked federal-question jurisdiction based on the nonexistence of any live federal claims. See Neal v. Truegreen Ltd. P'ship, 886 F.Supp. at 528.

motion to amend before requiring a defendant to remove.  A contrary rule would result in unnecessary protective removals and would provide too much uncertainty for defendants.  Wells Fargo did not attach to its Notice of Removal any evidence to suggest that the state court judge presiding over this case before removal granted Zamora's motion seeking leave to file this proposed Supplemental Complaint.  None of the copies of this proposed Supplemental Complaint which Wells Fargo attached to its Notice of Removal indicate that the state court clerk ever file-stamped a copy of this pleading indicating that the clerk accepted it for filing.  See Doc. 1-1; Doc. 1-13.  Wells Fargo does not indicate in its own recount of the procedural history of this case that the state court judge ever approved this proposed Supplemental Complaint for filing.  See Response to Motion to Remand at 1.[7]  The removing party bears the burden of establishing the requirements for federal jurisdiction.  See Martin v. Franklin Capital Corp., 251 F.3d at 1290; Bonadeo v. Lujan, 2009 WL 1324119, at *4.  There is no evidence to support Wells Fargo's contention that the Court has subject-matter jurisdiction over this case, as there as no indication that there are any live federal claims in Zamora's pleadings.[8]

---

[7]The Court also consulted the respective state court docket and did not locate any filings indicating that the state court judge had approved this proposed pleading.  See Rebecca Zamora v. Wells Fargo Home Mortgage, D-202-CV-201106308, available at http://www2.nmcourts.gov/caselookup/app.

[8]While, under Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005), a federal cause of action is not an absolute prerequisite to federal question jurisdiction, those situations are "less frequently encountered."  545 U.S. at 312.  Those cases require that "a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  545 U.S. at 315.  Wells Fargo's Motion to Dismiss Action raises an issue that could arguably fall within this doctrine, as it argues as a basis for dismissal that there is no private right of action created under the Federal Home Affordable Mortgage Program.  See Doc. 1-9 at 6-10.  To the extent such an argument may have supported federal-question jurisdiction, Wells Fargo did not timely raise this basis by failing to remove the case on this basis within thirty days of service of Zamora's initial pleadings.  See 28 U.S.C. §

The Supreme Court has recognized that a defendant cannot properly remove a case until it is "ripe for removal," in other words all the prerequisites for removal are present in a case.  See Caterpillar Inc. v. Lewis, 519 U.S. at 75.  As it stated in Caterpillar Inc. v. Lewis:

> Only by removing prematurely was Caterpillar able to get to federal court inside the one-year limitation set in § 1446(b).  Had Caterpillar waited until the case was ripe for removal, i.e., until Whayne Supply was dismissed as a defendant, the one-year limitation would have barred the way, and plaintiff's choice of forum would have been preserved.

519 U.S. at 75 (footnotes omitted).  While it is true that the Supreme Court upheld the judgment in Caterpillar Inc. v. Lewis, the key fact that distinguishes this case from that decision is the "overriding consideration" in Caterpillar Inc. v. Lewis that "[o]nce a diversity case has been tried in federal court . . . considerations of finality, efficiency, and economy become overwhelming." 519 U.S. at 75-76.  Wells Fargo only recently removed this case, no discovery has begun in this case in federal court, and the Court has ruled on only a handful of non-substantive motions -- such as approving pro hac vice admission.  This procedural posture weighs against a district court exercising subject-matter jurisdiction.  Although generalized "considerations of judicial economy" not as weighty as those in Caterpillar Inc. v. Lewis may counsel in favor of exercising subject-matter jurisdiction in a given case, district courts must remain conscious of their limited subject-matter jurisdiction.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 123 & n.33 (1984).  Doing otherwise "would run counter to the well-established principle that federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by Congress." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. at 123 & n.33.  Recognizing the limitations

---

1446(b).  While the failure to timely remove a case is not a jurisdictional defect depriving a court of subject-matter jurisdiction, Zamora has timely sought remand based on Wells Fargo's failure to remove this case within thirty days of service of its original pleadings.  See Motion to Remand at 1-2.

this policy places on litigants choice of forum, the Supreme Court has held: "That a litigant's choice of forum is reduced 'has long been understood to be a part of the tension inherent in our system of federalism.'"  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. at 123 & n.33.  Thus, while Wells Fargo may ultimately be able to remove this case at a later time, the case at the time of removal fell outside the Court's subject-matter jurisdiction.  At this early stage of the litigation, principles of comity and federalism weigh in favor of remand.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. at 123 & n.33.

After addressing the threshold issue of subject-matter jurisdiction, the next question the Court must address is to what extent Wells Fargo may attempt to cure this problem regarding subject-matter jurisdiction by amending or supplementing its notice of removal.  On October 18, 2011, Wells Fargo filed a Supplemental Notice of Removal.  See Doc. 16.  In this Supplemental Notice of Removal, it asserts as an additional basis for removal diversity jurisdiction.  See Supplemental Notice of Removal at 1-2.  The Court notes that it never had jurisdiction over this case when the case was removed.[9]  To rely on federal-question jurisdiction as a basis for removal, "a federal question must be presented on the face of the plaintiff's complaint, as the complaint stands at the time the notice of removal is filed."  14B Wright & Miller, supra, § 3722, at 172-179.  Accord Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 934 (9th Cir. 2003)(inquiring whether there was "jurisdiction at the time of removal" based on the plaintiff's federal claims), amended on other grounds by 350 F.3d 916.  See Hansen v. Harper Excavating, Inc., 641 F.3d 1216, 1220 (10th Cir. 2011)("Under the well-pleaded complaint rule, in order to invoke federal-question

---

[9]If the Court originally had subject-matter jurisdiction over the case based on the original notice of removal and then subsequently lost that basis of jurisdiction, this Supplemental Notice of Removal may have allowed the Court to exercise subject-matter jurisdiction over the case.  Those facts, however, are not presented here.

jurisdiction under 28 U.S.C. § 1331 and thus to be removable on that basis, a federal question must appear on the face of the plaintiff's complaint . . . .").  A contrary rule would undermine the plaintiff's status as "master of the claim" and allow defendants to remove cases even when the plaintiff has chosen "not to plead a federal claim even if one is available." Turgeau v. Admin. Review Bd., 446 F.3d 1052, 1060 (10th Cir. 2006).  Wells Fargo's asserted bases for subject-matter jurisdiction, federal question and complete preemption, did not exist at the time of removal, as those theories of subject-matter jurisdiction relied on a pleading without any legal effect -- a proposed pleading.

The next question is whether, given the Court did not have subject-matter jurisdiction on any basis asserted in the Notice of Removal, Wells Fargo may amend or supplement its notice of removal with an additional basis for the Court's subject-matter jurisdiction.  Wells Fargo did not file this Supplemental Notice of Removal within the thirty-day period for removal, assuming as Wells Fargo did that the thirty-day period began to ran on the day that Zamora filed her motion seeking leave to amend her pleadings.  Zamora sought leave to amend in state court on September 13, 2011. See Doc. 1-13.  Wells Fargo filed its Supplemental Notice of Removal on October 18, 2011.  This distinction is significant, because courts have shown a greater willingness to allow a defendant to amend a notice of removal within the thirty-day period for removal.[10]  See ARCO Envtl.

_____

[10]Courts reach this conclusion because the removal statute authorizes filing a notice of removal for up to thirty days once the case becomes removable.  See Rossi, Turecamo & Co., Inc. v. Best Resume Serv., Inc., 497 F.Supp. 437, 439 (D.C. Fla.)("Section 1446(b) delineates the time frame within which the petition for removal must be filed. . . . During the thirty day removal period provided by section 1446(b) there appears to be no question that the petition may be freely amended.").  The Court has not found any authority indicating that the Tenth Circuit has addressed whether a defendant may freely amend a notice within this thirty-day period.  The Court has no occasion to decide this issue under the facts presented, so the Court assumes for purposes of this Memorandum Opinion and Order that the Tenth Circuit would follow this same rule that the majority of other courts have followed.

Remediation, L.L.C. v. Dep't of Health and Envtl. Quality of the State of Mont., 213 F.3d 1108,

1117 (9th Cir. 2000)("The Notice of Removal 'cannot be amended to add a separate basis for

removal jurisdiction after the thirty day period.'"); Geismann v. Aestheticare, LLC, 622 F.Supp.2d

1091, 1095 (D. Kan. 2008)(Vratil, J.)("At any point during this 30-day period, defendant is free to

amend the notice of removal." (citing 14C Wright & Miller, supra, § 3733)).[11] Following that thirty-

day period, the defendant must rely on 28 U.S.C. § 1653 to amend its notice of removal.  See

Geismann v. Aestheticare, LLC, 622 F.Supp.2d at 1095.  This statute provides: "Defective

allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  28 U.S.C.

§ 1653.  A defendant must "seek leave of court to amend its notice of removal under 28 U.S.C.

§ 1653."  Watkins v. Terminix Int'l Co., Ltd. P'ship, 1997 WL 34676226, at *2 (citing Buell v.

Sears, Roebuck & Co., 321 F.2d 468, 471 (10th Cir. 1963)).[12]  In disallowing a plaintiff to amend

on appeal his complaint under 28 U.S.C. § 1653 to assert a federal question to support subject-matter

jurisdiction, the Tenth Circuit stated:

> The intention of Congress in enacting 28 U.S.C. § 1653 was to broadly permit
> amendment to avoid dismissal on technical grounds.[13]  The power of the appellate

---

[11]While it may not automatically follow that a defendant can assert a new basis of subject-matter jurisdiction to support removal as a matter of right within this thirty-day period, particularly when the facts or evidence supporting the new basis become available to the defendant following removal, a compelling case can be made to allow amendment. The Court does not need, however, to decide that issue, as those are not the facts before the Court.

[12]The Court notes that Wells Fargo filed this Supplemental Notice of Removal without leave of Court.  "The failure to obtain leave results in an amended complaint having no legal effect." United States ex rel. Matthews v. HealthSouth Corp., 332 F.3d at 296.  The Court will, thus, treat the filing without leave of Court of this Supplemental Notice of Removal as a request seeking leave to file the Supplemental Notice of Removal.

[13]As a basis for this assertion, the Tenth Circuit cites Blanchard v. Terry & Wright, Inc., 218 F.Supp. 910 (D.C. Ky. 1962), aff'd 331 F.2d 467 (6th Cir. 1964).  The Tenth Circuit does not cite any specific legislative history to support this assertion.  A revision note to 28 U.S.C. § 1653

-28-

court to correct defective jurisdictional allegations concerns defects of form, not substance. An amendment such as contemplated by appellant is not within the purview of the statute.

Brennan v. Univ. of Kan., 451 F.2d 1287, 1289 (10th Cir. 1971)(footnotes omitted).[14] Additionally, the United States District Court for the District of Kansas found that this statute more restrictively limits amendments to curing defective allegations for existing bases of removal rather than to asserting a new basis for removal. See Geismann v. Aestheticare, LLC, 622 F.Supp.2d at 1095-96 ("Although Section 1653 allows defendant to cure technical defects in a notice of removal, it does not allow for the addition of a new ground for removal.").

Applying the construction of 28 U.S.C. § 1653 announced in Brennan v. University of

_____

indicates that, when the statute was amended in 1948, this "Section was extended to permit amendment of all jurisdictional allegations instead of merely allegations of diversity of citizenship as provided by section 399 of Title 28, U.S.C., 1940 ed." 28 U.S.C.A. § 1653 revision note. That revision note might suggest that Congress intended broader amendments of notice of removals that would include assertions of additional bases for subject-matter jurisdiction. Indeed, adding the word "technical" seems to insert a word not in the statute, and narrow the ability of defendants to amend more than Congress intended. See Park 'N Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189, 194 (1985)("Statutory construction must begin with the language employed by [the writer] and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose."). On a clean slate, the Court would allow amendment of the notice of removal to assert a ground of subject-matter jurisdiction that both parties agree now exists. As a district court, however, the Court is bound by the Tenth Circuit's interpretation of this statute. The Court has located no additional pertinent legislative history.

[14]It is worth noting that the Tenth Circuit, following its articulation of this ground for its holding, gave as an alternative basis that the amendment would have been futile, because American law has no extraterritorial effect in foreign countries. See Brennan v. Univ. of Kan., 451 F.2d at 1289. That alternative ground does not undercut the rationale that 28 U.S.C. § 1653 does not permit substantive, as opposed to technical, amendments. See Surefoot LC v. Sure Foot Corp., 531 F.3d 1236, 1243 (10th Cir. 2008). The Tenth Circuit has recognized that "[a]lternative rationales . . . providing as they do further grounds for" a court's "disposition, ordinarily cannot be written off as dicta." Surefoot LC v. Sure Foot Corp., 531 F.3d at 1243. Moreover, the Tenth Circuit first concluded that the statute did not authorize the plaintiff's proposed amendment, and thus, arguably, the holding that amendment would have been futile would be the alternative holding. See Brennan v. Univ. of Kan., 451 F.2d at 1289.

Kansas, the Court must conclude that Wells Fargo cannot seek to amend or supplement its jurisdictional allegations in its Notice of Removal with additional bases for subject-matter jurisdiction. See Brennan v. Univ. of Kan., 451 F.2d at 1289. Applying the holding in Brennan v. University of Kansas, this is not a technical amendment within the contemplation of 28 U.S.C. § 1653. Wells Fargo is attempting to assert an additional basis of removal outside the thirty-day period for removal, so 28 U.S.C. § 1653 controls that situation. Based on the Tenth Circuit's interpretation of this statute, 28 U.S.C. § 1653 does not permit a defendant to amend a notice of removal to assert additional bases for removal. See Brennan v. Univ. of Kan., 451 F.2d at 1289. It is important to distinguish this situation from previous situations the Court has addressed. This is not one where Wells Fargo asserted a proper basis of removal, but failed to make certain allegations necessary to support that basis of removal, such as failing to allege one of the parties' principal places of business to support diversity jurisdiction. That situation, in comparison, would counsel in favor of allowing Wells Fargo to cure these defects, because there would be no fundamental problem with the asserted basis of removal when the case was removed. See Hendrix v. New Amsterdam Cas. Co., 390 F.2d at 301. The Court has recognized in the past that these more technical defects, such as allegations regarding a parties' citizenship necessary to establish diversity, may be cured with amendment of the notice of removal. See McEntire v. Kmart Corp., 2010 WL 553443, at *9-10 ("The Court will thus deny the motion to remand on the condition that Kmart file an amended notice of removal properly alleging the parties['] citizenship rather than their state of residence."). The Court has not yet addressed this specific issue of amending or supplementing a notice of removal to assert additional bases for subject-matter jurisdiction not appearing in the original notice.

Some courts and commentators have addressed this particular factual scenario. The Third

Circuit has recognized that a defendant may not normally cure a defective notice of removal by asserting a new basis of jurisdiction not contained in the original notice of removal.  See USX Corp. v. Adriatic Ins. Co., 345 F.3d at 205 (noting that amendment would not have been proper if the defendant "rel[ied] on a basis of jurisdiction different from that originally alleged").  As Professors Wright and Miller have explained:

> [A]n amendment of the removal notice may seek to accomplish any of several objectives: It may correct an imperfect statement of citizenship, state the previously articulated grounds more fully, or clarify the jurisdictional amount.  In most circumstances, however, defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-preferred basis of removal, and the court will not, on its own motion, retain jurisdiction on the basis of a ground that is present but that defendants have not relied upon.

14C Charles Alan Wright et al., supra, § 3733, at 651-59 (footnotes omitted)(emphasis added).

Professor Moore has similarly recognized: "[A]mendment may be permitted after the 30-day period if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction."  16 J. Moore, supra, § 107.30[2][a][iv], at 107-184.  Additionally, the Judge Lynch in the Southern District of New York has held:

> Although a removing party may be given leave to cure a defective ground for removal under 28 U.S.C. § 1653 barring a "'total absence of jurisdictional foundations,'" such amendments are in the court's discretion and are intended to preserve jurisdiction where it exists but was defectively stated.  Here, Prudential's removal petition was irremediably defective as to federal question jurisdiction and silent as to diversity.  Moreover, "[t]he right to remove a state action to federal court on diversity grounds is statutory . . . In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of the state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."  Given this restrictive policy and given Prudential's failure to offer any reason for not alleging diversity jurisdiction in its original removal petition, the Court declines to grant leave to add new grounds for federal jurisdiction.

Arancio v. Prudential Ins. Co. of Amer., 247 F.Supp.2d at 337 (emphasis in original)(citations omitted).  The United States District Court for the District of Kansas has recognized that, while a

defendant may amend a notice of removal to cure "jurisdictional allegations defective in form, not substance, so as to avoid dismissal on technical grounds," the statute authorizing such amendments "does not allow for the addition of a new ground for removal." Geismann v. Aestheticare, LLC, 622 F.Supp.2d at 1095-96.  In support of this conclusion, that court reasoned that permitting amendment of a notice of removal goes beyond the purposes of 28 U.S.C. § 1653, as amendments that are more substantive in nature as opposed to amendments curing technical defects would: (i) allow a defendant to belatedly rely on a basis of removal he could not have originally supported; (ii) require different evidentiary bases to support the substantive amendments than the evidence attached to the original notice of removal; and (iii) would generate significant factual disputes, whereas more technical amendments would not create factual disputes.  See Geismann v. Aestheticare, LLC, 622 F.Supp.2d at 1095-99.

Additionally, the Tenth Circuit has recognized that there is a presumption against removal jurisdiction.  See Laughlin v. Kmart Corp., 50 F.3d at 873.  Moreover, "[i]t is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [their] constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 420 F.3d at 1094-95.  "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." Fajen v. Found. Reserve Ins. Co., 683 F.2d at 333.  The removing party bears the burden of establishing the requirements for federal jurisdiction.  See Martin v. Franklin Capital Corp., 251 F.3d at 1290; Bonadeo v. Lujan, 2009 WL 1324119, at *4 ("Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand.").

Thus, three factors counsel in favor of remand for lack of subject-matter jurisdiction in this case: (i) the Court did not have subject-matter jurisdiction at the time this case was removed; (ii) a defendant cannot normally amend or supplement a notice of removal, particularly under 28 U.S.C.

§ 1653, by asserting a basis of removal not contained in the original notice of removal; and (iii) courts should construe removal statutes strictly and resolve all doubts in favor of remand. Additionally, a fourth factor weighs in favor of remand. As "courts of limited jurisdiction," courts "presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." Robinson v. Union Pac. R.R., 245 F.3d at 1991. The Supreme Court has adhered to this principle even in situations where "considerations of judicial economy" would counsel in favor of exercising subject-matter jurisdiction, as doing so "would run counter to the well-established principle that federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by Congress." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. at 123 & n.33 (1984)("That a litigant's choice of forum is reduced 'has long been understood to be a part of the tension inherent in our system of federalism.'"). Similarly, the Tenth Circuit has stated in a case addressing subject-matter jurisdiction in the context of removal: "[S]ubject matter jurisdiction is not a matter of equity or of conscience or of efficiency, but is a matter of the lack of judicial power to decide a controversy." Laughlin v. Kmart Corp., 50 F.3d 871, 874 (10th Cir. 1995)(emphasis in original)(internal quotation marks omitted). While permitting parties to remove a case on a basis of subject-matter jurisdiction that does not exist at the time of removal and then belatedly assert a proper basis of subject-matter jurisdiction might be more efficient, doing so would undermine key federalism principles that strike the balance of power between state and federal courts.

Based on the Tenth Circuit's interpretation of 28 U.S.C. § 1653 in Brennan v. University of Kansas, the Court concludes that Wells Fargo may not under these facts avoid remand by adding an additional basis of subject-matter jurisdiction not asserted in the original notice of removal through amendment or supplementation. While the Court recognizes that its decision to remand the

case may in some ways be unfair and unduly harsh to Wells Fargo, the Court is bound to follow binding precedent from the Tenth Circuit. While the Court might, on a clean slate, interpret 28 U.S.C. § 1653 differently, it is bound to follow the Tenth Circuit's interpretation of that statute. The Court's decision also creates an odd result, as Wells Fargo may still have an opportunity to remove this case at a later time. It had no obligation to remove this case based on Zamora's initial pleadings, and may now have sufficient evidence to support diversity jurisdiction as a basis for removal or federal-question jurisdiction as a basis for removal if Zamora receives leave to amend her pleadings. Consequently, the Court remands this case to the Second Judicial District, Bernalillo County, State of New Mexico for lack of subject-matter jurisdiction.

**IT IS ORDERED** that the Plaintiff's Motion to Remand, filed October 4, 2011 (Doc. 10), is denied. The Court will remand this case for lack of subject-matter jurisdiction to the Second Judicial District, Bernalillo County, New Mexico. There are no federal claims in Plaintiff Rebecca A. Zamora's live pleadings. The only asserted basis of removal in the Notice of Removal, filed September 28, 2011 (Doc. 1), is federal-question jurisdiction and complete preemption -- neither of which apply to the state law claims in Zamora's live pleadings. Consequently, the Court will remand this case for lack of subject-matter jurisdiction.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Kramer
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

 *Attorneys for the Plaintiff*

-34-

Matthew Silverman
McCarthy Holthus Levine
Phoenix, Arizona

*Attorneys for the Defendant*